UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURA SIHUIL-PEREZ DE PEREZ (A-201-454-404), <br><br> Petitioner, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Respondents. | Case No.  1:25-cv-1540 DAD CSK <br><br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner Aura Sihuil-Perez de Perez (A-201-454-404), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that petitioner's 2025 re-detention without a hearing violates petitioner's due process rights under the Fifth Amendment. (Id. (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

## I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."

Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.   DISCUSSION[1]

On November 10, 2025, petitioner filed a habeas petition and a motion for a temporary restraining order and preliminary injunction.  (ECF Nos. 1, 3.)  On November 13, 2025, respondents filed an opposition to the motion for a temporary restraining order, solely arguing that the motion should be denied without a hearing because petitioner is an alien who entered the U.S. illegally, was released on an order of recognizance, and "can then be re-detained, at least temporarily, for any reason."  (ECF No. 11 at 1 (citing 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9)).)  Respondents did not address petitioner's due process arguments.  (Id.)

On November 14, 2025, the district judge granted petitioner's motion for a temporary restraining order, and found that it was undisputed that 8 U.S.C. § 1226(a) applies.  (ECF No. 12 at 5:2-3 (citing ECF Nos. 3 at 11; 11 at 1).)  Further, the district judge found all Winter factors weighed in petitioner's favor, and concluded petitioner was likely to succeed on the merits of petitioner's procedural due process claim that her October 2025 re-detention violated her due process rights where the government failed to provide petitioner notice and an opportunity to be heard before she was re-detained.  (Id. at 4-8 (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).)  The district judge noted that "[w]here the release decision was made by a DHS officer, not an immigration judge, the Government's practice has been to require a showing of changed circumstances before re-arrest."  (Id. at 5 (quoting Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *1 (N.D. Cal. Sept. 12, 2025) (citing Seravia v. Sessions, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).)

---

[1]  The factual and procedural background previously presented in the district judge's November 14, 2025 order is incorporated herein.  (See ECF No. 12 at 1-3.)

In addition to granting petitioner's immediate release, the district judge enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances by clear and convincing evidence. (ECF No. 12 at 9.) Also, the district judge denied without prejudice petitioner's request for a temporary restraining order enjoining respondents from removing petitioner, and directed the parties to submit a proposed briefing schedule on the pending motion for preliminary injunction. (Id.) On January 8, 2026, respondents filed an opposition to the motion for preliminary injunction, standing on their opposition to the motion for temporary restraining order. (ECF No. 17 at 1.)

On February 2, 2026, the district judge incorporated his analysis from the November 14, 2025 order granting petitioner's motion for temporary restraining order, converted the motion for temporary restraining order to a motion for preliminary injunction, and granted in part petitioner's motion for preliminary injunction. (ECF No. 20.) The district judge enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge. (Id. at 2.) The district judge denied without prejudice petitioner's request for a preliminary injunction enjoining respondents from removing petitioner, and referred this action to the assigned magistrate judge for further proceedings. (Id.)

On February 3, 2026, this Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (ECF No. 21.) The parties did not submit any additional briefing, and briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment procedural due process rights by re-detaining her without notice and a hearing (second claim). See Salcedo Aceros, 2025 WL 2637503, at *1. Because the resolution of the second claim provides the relief requested, the Court need not reach

3

the first claim alleging a violation of substantive due process.  Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in <u>Rodriguez v. Bostock</u>, No. 25-6842 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.  Petitioner shall be allowed to have her counsel present.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining petitioner Aura Sihuil-Perez de Perez (A-201-454-404) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.  Petitioner shall be allowed to have her counsel present.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case.

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that

///

///

4

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/pere1540.157.2241.imm

5